UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONJA HAISTEN, individually and
on behalf of other persons similarly
situated,

    Plaintiff,

v.                                        CASE NO. 3:09-CV-00937-J-32JBT

ZACHRY INDUSTRIAL, a Delaware
corporation,

    Defendant.
_____/

### **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Joint Motion for Approval of Settlement (Doc. 10), which was referred to the undersigned for a report and recommendation on June 15, 2010 (*see* Doc. 14). The Court has reviewed the filings in this case and finds that there is no need for a hearing.

**I.    Background**

Plaintiff, Tonja Haisten ("Haisten"), brought this action on behalf of herself and other similarly situated current and former employees[2] of Defendant, Zachry Industrial, Inc. ("Zachry"), to recover overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Doc. 1.) Defendant employed Plaintiff as a non-exempt light equipment operator. (*Id.*) Plaintiff alleged that she and the other similarly situated employees regularly worked

---

[1] Any party may file and serve specific, written objections hereto within fourteen (14) days after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), 6(a) & (e); M.D. Fla. R. 6.02(a) & 4.20.

[2] Although Plaintiff filed this case "individually and on behalf of other persons similarly situated," the record reflects that Plaintiff has not established that the proposed class is similarly situated, *see* 20 U.S.C. § 216(b); *see also Simpkins v. Pulte Home Corp.*, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individuals have joined in this case as a party.

overtime hours, but were not credited and compensated for all of the hours they worked. (*Id.*) In addition, the Complaint alleges that Plaintiff and other similarly situated employees worked through lunch, but were not compensated for that time because Defendant would automatically deduct an hour from their time regardless of whether they took lunch. (*Id.*) Defendant denied that Plaintiff and the other similarly situated employees were entitled to any of the damages or relief sought and asserted a number of affirmative defenses. (Doc. 6.)

On March 4, 2010, the parties executed a Settlement Agreement and Release, stating that Defendant would pay Plaintiff the total sum of $10,000.00, which represents the gross amount of $3,000.00 (less taxes, social security, and other lawful deductions) payable to Plaintiff for wages and the sum of $7,000.00 payable to Plaintiff's attorneys for attorneys' fees and costs.   (Doc. 10-1.)

On March 16, 2010, the parties filed their Joint Motion for Approval of Settlement. (Doc. 10.)  On March 19, 2010, the Court ordered the parties to file and serve contemporaneous time records for the case, reflecting each billing time keeper, the billing rate or [sic] each time keeper, the amount of time billed, and the tasks billed for, along with any other evidence in support of the fees and costs amount submitted for the Court's approval. (Doc. 11.)  On April 6, 2010, Plaintiff complied with the Court's March 19, 2010 Order.  (Doc. 12, 12-1, & 12-2.)

On August 11, 2010, the Court directed the parties to inform the Court whether liquidated damages are included in the settlement, to include a breakdown of the amounts of wages and liquidated damages, to state whether the settlement represents any

compromise at all of Plaintiff's claims, and to specify the amount compromised as to each element of the claim. (Doc. 16.) On August 31, 2010, Plaintiff filed her Notice of Compliance with the Court's August 11, 2010 Order, stating in part:

> 1. The damages Plaintiff is recovering includes [sic] liquidated damages.
> . . .
> 5. Based on the above, and Plaintiff being paid at a regular rate of $12.00 per hour, and an overtime rate of $18.00, Plaintiff's damages are: $1,260.00 (2.5 hours x $18.00 x 28 weeks). This amount doubles to $2,520.00 with liquidated damages. Under the agreement, Plaintiff is recovering $3,000.00, which provides her with a payment more than she would have obtained had she proceeded to trial.

(Doc. 17.)

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). "[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is

3

allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Recently, the court in *Bonnetti v. Embarq Management Company*, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), analyzed the court's obligations in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

2009 WL 2371407, at *5. Other courts in this district have indicated that when attorneys' fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-CV-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III. Discussion

In this case, the parties agree that there is a bona fide dispute as to whether Plaintiff was fully compensated for her overtime hours worked. (Doc. 10.) The parties indicate that they have agreed on an amount that constitutes full recovery to Plaintiff. (*Id.*) Finally, the parties represent that the attorneys' fees and costs for Plaintiff's counsel were negotiated

separately from and without regard to Plaintiff's recovery.  (*Id.*)

Since the parties agree that Plaintiff will receive full recovery, the Court need not scrutinize the settlement for fairness.  *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims . . . .  Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise.  There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").

However, to the extent any judicial oversight of the settlement is required, the Court has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  The Court need not conduct an in-depth analysis of the reasonableness of the attorneys' fees and costs because the settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorneys' fees and costs to be paid to her counsel.  Since the Court is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case is distinguishable from a case in which such an analysis is necessary.  This case provides no precedent for such a case since an in-depth analysis could produce a different result.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Joint Motion for Approval of Settlement (**Doc. 10**) be **GRANTED**.

2. The Settlement Agreement and Release be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk be **DIRECTED** to close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on September 1, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to: The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record